JUDGE BAER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CIV 9751**

-----------------------------------X
COSCO LIANYUNGANG,

               Plaintiff,

- against -

HUAXI INTERNATIONAL (HK)
TRADING & INVESTMENTS, LTD.

               Defendant.
-----------------------------------X

07 Civ. _____

ECF CASE

NOV 0 2 2007
U.S.D.C. S.D.N.Y.
CASHIERS

## VERIFIED COMPLAINT

Plaintiff, COSCO LIANYUNGANG, ("Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, HUAXI INTERNATIONAL (HK) TRADING & INVESTMENTS, LTD. ("Defendant") alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. Jurisdiction over this matter is also present pursuant to the Federal Arbitration Act, 9 United States Code § 1 et seq., and this Court's federal question jurisdiction, 28 United States Code § 1331.

2. At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity organized and existing under foreign law with an address in The Peoples Republic of China.

3. Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity organized and existing under foreign law with an address in Hong Kong.

4. At all material times, Plaintiff was the disponent Owner of the motor vessel "DIMITRIS S" (hereinafter the "Vessel").



5. Plaintiff chartered the Vessel from non-party, Sealink Shipping Ltd. ("Sealink"), pursuant to a charter party dated 26 June 2007 that employed the Gencon 1994 charter party form at the freight rate of $88 per metric ton Free In and Out Stowed and Trimmed, *i.e.*, the cargo was to be loaded, discharged, stowed and trimmed free of expense to Sealink, to ship 10,400 mt steel flat bars from Changshu, China to Liverpool, United Kingdom.

6. Plaintiff in turn sub-chartered the Vessel to the Defendant pursuant to a charter party dated 26 June 2007 on substantially similar terms, also on the Gencon 1994 charter party form, at the freight rate of $90 per metric ton Free In and Out Stowed and Trimmed, *i.e.*, the cargo was to be loaded, discharged, stowed and trimmed free of expense to the Plaintiff, to ship 10,400 mt steel flat bars from Changshu, China to Liverpool, United Kingdom.

7. The two charter parties referenced above were essentially on "back-to-back," *i.e.* identical terms, and were entered into on the same day.

8. The lading port was subsequently changed to Zhangjiagang by agreement among the parties.

9. On or about 15 August 2007 Plaintiff was informed by Sealink that the Vessel was rejected for discharging by the Port Authority of Liverpool, United Kingdom. After several discussions among the parties, no agreement was reached in respect of changing the discharge port. The cargo was ultimately discharged at the Port of Flushing on or about 11 October 2007, and was thereafter transported to two ports agreed by the cargo receivers. Upon information and belief, the cost of this transport of the cargo from Port of Flushing to the two ultimate destinations was paid by Sealink.

10.  Upon information and belief, and as alleged by Sealink, the costs incurred by Sealink for changing the discharge port and for transshipment of the cargo was $2,440,374.24, exclusive of pre-judgment interest and recoverable costs.

11.  Sealink has claimed against Plaintiff in the principal amount of $2,440,374.24 and has demanded payment by Plaintiff. *See Demand Letter by Sealink counsel to Plaintiff dated 23 October 2007 attached hereto as Exhibit 1.*

12.  Furthermore, Sealink has commenced arbitration against Plaintiff on its claims.

13.  Defendant has breached the charter party as a result of its failure to discharge the cargo at Liverpool. Pursuant to the terms of the charter party between Plaintiff and Defendant, it is Defendant who is ultimately liable for damages caused by the change of discharge port and for the costs of transshipment of the cargo. Accordingly, Plaintiff has a right of indemnity as against Defendant for all sums that Plaintiff may be liable to pay Sealink.

14.  Plaintiff is entitled to indemnity from Defendant in respect of the claims/damages asserted against it by Sealink, for which the Defendant is wholly or substantially liable under the provisions of the charter party between Plaintiff and Defendant.

15.  As a result of the alleged damages set forth above, Plaintiff has and will suffer substantial damages in the form of the claims and demands made upon it by Sealink.

16.  Pursuant to both charter parties, all disputes arising thereunder are to be submitted to arbitration in London with English Law to apply.

17.  As Sealink has commenced arbitration against Plaintiff, Plaintiff is in turn preparing to commence arbitration proceedings against the Defendant for the same claims.

18. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in proceedings subject to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts in the Final Arbitration Award(s):

| | | |
|---|---|---|
| A. | Principal claim: | $2,440,374.24 |
| B. | Estimated interest claim:<br>7% interest, compounded quarterly and running for three years (estimated date of recovery): | $564,798.50 |
| C. | Estimated attorneys' fees and expenses and arbitration costs for both arbitrations: | $290,000.00 |
| **Total** | | $3,295,172.70 |

19. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

20. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendant, in the amount of $3,295,172.70 calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D. That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court

E. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

F. That this Court award Plaintiff its attorney's fees and costs of this action; and

G. That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: November 1, 2007
New York, NY

        The Plaintiff,

        By: *Charles Murphy*
        COSCO LIANYUNGANG
        Charles E. Murphy (CM 2125)
        LENNON, MURPHY & LENNON, LLC
        420 Lexington Ave., Suite 300
        New York, NY 10170
        (212) 490-6050 – phone
        (212) 490-6070 – fax
        cem@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York )
                   ) ss.:  New York City
County of New York )

1. My name is Charles E. Murphy.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    November 1, 2007
             New York, NY

                                                  _____
                                                  Charles E. Murphy

**EXHIBIT "1"**

Ex 1



**birketts llp**

24-26 Museum Street
Ipswich
Suffolk  IP1 1HZ

t:  01473 406368
f:  01473 406384
dx: 3208 Ipswich
www.birketts.co.uk

Cosco Lianyungang Ocean Shipping Company

BY E-MAIL ONLY: operation@coscolyg.com

Our Ref: NW/68686/9

Your Ref:

23 October 2007

Dear Sirs,

**Mv DIMITRIS S - CP dated 26th June 2007**

We act for Sealink Shipping Ltd, the disponent owners of the above vessel. We refer to various correspondence previously exchanged between our clients and yourselves on the above matter.

You are, as voyage charterers, in breach of the a/m charterparty for failing to discharge the cargo at Liverpool at your cost, risk and expense. Our clients have suffered damages as a result in that they have had to incur extra chartering costs in the hire of the vessel in taking the cargo to Flushing for discharge. You were to have arranged for discharge of the cargo at Flushing and arranged to take the cargo back to the UK but you refused to do so in breach of the said charterparty. As a result of your breach and in mitigation of our clients loss, our clients have had to pay for the costs of discharging the cargo at Flushing and transhipment of the cargo back to the UK.

In the circumstances, our clients are seeking from you damages and an indemnity incurred as a result of the above. At the moment, we have calculated the total claim to be in the region of US$2,440,374.24 which is subject to confirmation as this matter continues to unfold.

Please confirm by immediate return that you are in principle liable to pay us damages and an indemnity with the amount of the said damages and indemnity to be decided in arbitration if not agreed.

TAKE NOTICE that unless we hear from you by immediate return, our clients will have no choice but to commence arbitration in accordance with the terms of the above charterparty. All our clients' rights continue to be reserved.

Yours faithfully,

Nicholas Woo

Partner
Shipping Logistics & International Services
for and on behalf of Birketts LLP

Direct Telephone: 01473 406368
Department Fax:  01473 406384
Email:  nicholas-woo@birketts.co.uk

Also at 16-18 Queen Street, Norwich, Norfolk, NR2 4SQ t: +44 (0) 1603 232300  f: +44 (0) 1603 230533  dx:5230 Norwich
LLP registered in England under no. OC317545. Registered office at Ipswich. A list of members is available for inspection at either office
Regulated by the Solicitors Regulation Authority

letter of corr and Cosco